**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Christopher Terell Gilyard, Appellant.

Appellate Case No. 2014-001714

---

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-383
Submitted April 1, 2016 – Filed July 27, 2016

---

**REVERSED AND REMANDED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General John Benjamin Aplin, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

---

**PER CURIAM:** Christopher Terell Gilyard appeals his conviction and thirteen-year sentence for second-degree criminal sexual conduct with a minor, arguing the

trial court erred by (1) denying his request to charge the jury on circumstantial evidence pursuant to *State v. Logan*,[1] (2) charging the jury on section 16-3-659.1 of the South Carolina Code (2015) after the jury submitted a question during deliberation regarding a witness's testimony that the victim had been involved in a prior rape allegation, and (3) charging the jury that the victim's testimony did not have to be corroborated.

Pursuant to our supreme court's recent opinion in *State v. Stukes*,[2] the trial court erred by charging the jury that the victim's testimony did not have to be corroborated. *See id.* at 26 (holding such a charge "is an impermissible charge on the facts and therefore unconstitutional"). Moreover, the error was not harmless beyond a reasonable doubt because the State's case relied in large part on the victim's credibility. Accordingly, we reverse and remand for a new trial.[3]

**REVERSED AND REMANDED.**[4]

**HUFF, KONDUROS and GEATHERS, JJ., concur.**

---

[1] 405 S.C. 83, 99-100, 747 S.E.2d 444, 452-53 (2013).
[2] Op. No. 27633 (S.C. Sup. Ct. filed May 4, 2016) (Shearouse Adv. Sh. No. 18 at 25).
[3] Because we reverse on this ground, we decline to address Gilyard's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when resolution of a prior issue is dispositive).
[4] We decide this case without oral argument pursuant to Rule 215, SCACR.